IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| J.H. and A.H.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:23-CV-00460-TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Anthem Blue Cross Life and Health Insurance Company's Motion to Dismiss.[1] For the reasons discussed below, the Court will grant Defendant's Motion.

I.   BACKGROUND

Plaintiff J.H. is a participant in a fully insured employee welfare benefits plan (the "Plan"),[2] which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").[3] Plaintiff A.H. is a beneficiary of the Plan through J.H.[4] Defendant Anthem Blue Cross Life and Health Insurance Company ("Defendant") is the insurer and claims administrator of the Plan.[5] Plaintiffs seek benefits under the Plan for A.H.'s stay at Catalyst Residential

---

[1] Docket No. 11.

[2] Docket No. 11-1.

[3] Docket No. 1 ¶¶ 3.

[4] *Id.* ¶ 4.

[5] *Id.* ¶ 2.

Treatment Center from July 1, 2020, to June 4, 2021, which Defendant determined was not medically necessary and consequently denied coverage for the stay.[6]

On July 2, 2021, Plaintiffs submitted an internal appeal of Defendant's denial.[7] Defendant affirmed its decision on August 12, 2021.[8] In its denial letter, Defendant informed Plaintiffs:

> If your health benefit plan is subject to the Employee Retirement Security Act of 1974 (ERISA), once you have exhausted all mandatory appeal rights, you have the right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA within one year, unless your plan provides for a longer period. Check your benefits booklet or plan documents to see if you have more time.[9]

Pursuant to their rights under the Plan and ERISA, Plaintiffs sought an external review. The external review agency affirmed Defendant's denial of benefits on October 21, 2021.[10] Plaintiffs filed suit on July 17, 2023, seeking recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).[11]

Defendant filed this Motion to Dismiss asserting that Plaintiffs' claims are barred by the applicable limitations provision found in the Plan, which states:

> No attempt to recover on the plan through legal or equity action may be made until at least 60 days after the written proof of loss has been furnished as required by this plan. No such action may be started later than three years from the time written proof of loss is required to be furnished. If you bring a civil action under Section 502(a) of ERISA, you must bring it within one year of the grievance or appeal decision.[12]

---

[6] *Id.* ¶¶ 6, 24–26.

[7] *Id.* ¶ 27.

[8] *Id.* ¶ 40.

[9] Docket No. 15-2, at 5.

[10] Docket No. 1 ¶ 46.

[11] *Id.* ¶¶ 50–57.

[12] Docket No. 11-1, at 148.

In their response, Plaintiffs argue that the limitations provision is ambiguous and contradictory as to which time limitation applies to Plaintiffs' claim and, therefore, the three-year limitation applies, making their claims timely.[13]

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is warranted when the complaint is insufficient as a matter of law to "state a claim upon which relief can be granted."[14] "The statute of limitations is an affirmative defense."[15] "Under Rule 12(b), . . . a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."[16] Therefore, "a statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished."[17]

"In evaluating a motion to dismiss, [the court] may consider . . . the complaint, . . . the attached exhibits and documents incorporated into the complaint by reference,"[18] and "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[19] The Court should accept all well-

---

[13] Docket No. 15, at 1.

[14] Fed. R. Civ. P. 12(b)(6).

[15] *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022).

[16] *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).

[17] *Herrera*, 32 F.4th at 991 (quoting *Sierra Club v. Okla. Gas & Elec. Co.,* 816 F.3d 666, 671 (10th Cir. 2016)).

[18] *Commonwealth Prop. Advocs., LLC v. Morg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[19] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[20]

Plaintiffs continuously reference the Plan and its terms throughout their Complaint.[21] The terms contain the relevant limitations provision and form the basis of Plaintiffs' claim.[22] Neither party disputes the authenticity of the Plan. Therefore, the Court will consider the Plan in resolving the Motion to Dismiss.

### III. DISCUSSION

The Plan, "like any insurance policy, is a contract, an agreement between the [p]lan and its participant."[23] Contractual limitations are enforceable, and courts should enforce such limitations "as written," especially in the context of ERISA.[24] "[T]he proper inquiry is not what [the provider] intended a term to signify; rather, [courts] consider the common and ordinary meaning as a reasonable person in the position of the plan participant would have understood the words to mean."[25] In determining the ordinary meaning, "specific terms and exact terms are given greater weight than general language."[26]

---

[20] *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023).

[21] Docket No. 1.

[22] *Id.* ¶ 12 ("Plaintiffs seek . . . benefits due under the terms of the Plan").

[23] *LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 800 (10th Cir. 2010).

[24] *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013) ("The principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan."); *see also Salisbury v. Hartford Life & Accident Co.,* 583 F.3d 1245, 1247 (10th Cir. 2009) ("An ERISA plan is nothing more than a contract, in which parties as a general rule are free to include whatever limitations they desire.") (internal quotation marks and citation omitted)..

[25] *Miller v. Monumental Life Ins. Co.*, 502 F.3d 1245, 1249 (10th Cir. 2007) (internal quotation marks and citation omitted).

[26] Rest. (Second) of Contracts § 203(c); *see also Young v. Verizon's Bell Atl. Cash Balance Plan*, 615 F.3d 808, 823 (7th Cir. 2010) (finding that, under general principles of federal

The language of a plan is considered ambiguous if it is reasonably susceptible to more than one meaning. "[A] plan provision is reasonably susceptible to more than one meaning [if] there is uncertainty as to the meaning of the term" as understood by the average plan participant.[27]

As stated, the Plan contains the following limitations provision:

> No attempt to recover on the plan through legal or equity action may be made until at least 60 days after the written proof of loss has been furnished as required by this plan. No such action may be started later than three years from the time written proof of loss is required to be furnished. If you bring a civil action under Section 502(a) of ERISA, you must bring it within one year of the grievance or appeal decision.[28]

Section 502(a) of ERISA, in relevant part, allows a plan beneficiary or participant to bring a civil claim to "recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan."[29] Plaintiffs allege that Defendant improperly denied Plaintiffs coverage for medically necessary treatment and seek to recover and enforce under "the express terms of the Plan."[30] In Plaintiffs' Complaint, their sole cause of action is a "Claim for Recovery

---

common law, which apply to ERISA plans, "[c]ontract interpretations should, to the extent possible, give effect to all language without rendering any term superfluous, but if both a general and a specific provision apply to the subject at hand, the specific provision controls") (internal citation omitted); *Saltzman v. Indep. Blue Cross*, 384 F. App'x 107, 114 (3d Cir. 2010) ("We apply the rules of construction of contracts to ERISA plans: the plan must be considered as a whole; straightforward, unambiguous language should be given its natural meaning; and, if a specific provision found in the plan conflicts with a general provision, the specific provision should control.").

[27] *Miller*, 502 F.3d at 1250 (quoting *Admin. Comm. Of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 393 F.3d 1119, 1123 (10th Cir. 2004)).

[28] Docket No. 11-1, at 148.

[29] 29 U.S.C. § 1132(a)(1)(B).

[30] Docket No. 1 ¶ 51.

5

of Benefits Under 29 U.S.C. §1132(a)(1)(B)."³¹ Therefore, Plaintiffs' claim is a civil action under Section 502(a) of ERISA.

The plain reading of the limitations provision is that all § 502(a) claims must be brought within one year, while all other non-502(a) claims may be brought within the three-year time limitation. As mentioned above, a claim to enforce the terms of the plan, including to recover benefits due under the plan as Plaintiffs' seek here, is brought under Section 502(a)(1)(B). Thus, the plain language of the Plan dictates that Plaintiffs' § 502(a) claim must be brought within one year of the grievance of appeal decision.

Plaintiffs allege that the Plan is ambiguous and contradictory as to which time limitation should apply. Specifically, Plaintiffs argue that the average plan participant would be confused about which of the two time limitations in the Plan applies to their claim. However, as discussed, the provision of the Plan at issue is not susceptible to multiple interpretations. The Court therefore finds it is not ambiguous.

Additionally, Defendant's most recent denial letter put Plaintiffs on notice that they "have the right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA, within one year, unless [their] plan provides for a longer period."³² The denial letter leaves no room for doubt or confusion, nor is it subject to multiple interpretations about which time limitation applies to Plaintiffs. While the denial advises the Plan participant to check the Plan documents to see if they might have more time, reference back to the Plan would only reinforce the aforementioned plain reading interpretation, which unambiguously applies the one-year time limitation to all § 502(a) claims.

---

³¹ *Id.* at 14.
³² Docket No. 11-2, at 8.

6

Further, the Supreme Court holds "[t]he ordinary rule in respect to the construction of contracts is this: that where there are two clauses in any respect conflicting, that which is specially directed to a particular matter controls in respect thereto over one which is general in its terms, although within its general terms the particular may be included."[33] Intent is better expressed and interpreted in specific provisions "[b]ecause, when the parties express themselves in reference to a particular matter, the attention is directed to that, and it must be assumed that it expresses their intent; whereas a reference to some general matter, within which the particular may be included, does not necessarily indicate that the parties had the particular matter in thought."[34]

Therefore, even when interpreting the meaning of the Plan in the context of the more general three-year provision, the doctrines of contract interpretation tell us that the specific provision is controlling and more informative of the party's intent – that actions brought under section 502(a) must be brought within one year. This interpretation does not render the three-year time limitation in the Plan "entirely superfluous" or without meaning as Plaintiffs claim because the three-year limitation is consistent with statutorily-imposed time limitations under ERISA for other causes of action not under 502(a).[35]

On August 12, 2021, Defendant affirmed its earlier denial of benefits, and informed Plaintiffs via letter that this was Defendant's "final adverse determination," but Plaintiffs could

---

[33] *Mut. Life Ins. Co. of N. Y. v. Hill*, 193 U.S. 551, 558 (1904); *see also Cogswell v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 78 F.3d 474, 480 (10th Cir. 1996) ("[I]t is well established under the generally applicable rules governing contract interpretation that specific provisions . . . take precedence over more general provisions.").

[34] *Hill,* 193 U.S. at 558.

[35] Docket No. 15, at 4; *e.g.,* 29 U.S.C. § 1113 (establishing three- and six-year time limitations for breaches of fiduciary duties, but not for claims of denial of benefits).

file a request for an external review from the California Department of Insurance.[36] On September 16, 2021, Plaintiffs submitted an external review request for the denied treatment.[37] On October 21, 2021, the external review agency upheld Defendant's denial of coverage.[38] Therefore, the latest the one-year clock could have been triggered was October 21, 2021, the date of the denial from the external review agency. This means that Plaintiffs needed to file their Complaint no later than October 21, 2022, to comply with the Plan's one year statute of limitations. Plaintiffs filed their Complaint on July 17, 2023. The Complaint is therefore untimely and barred.

The statutory time limitations that are found in ERISA do not apply here. Plaintiffs' assert a single cause of action: "Claim for Recovery of Benefits Under 29 U.S.C. §1132(a)(1)(B)."[39] Within that cause of action, Plaintiffs allege violations of fiduciary duties in connection with denial and administration of benefits.[40] Section 1113 of ERISA provides for a three- and six-year time limitation for actions alleging a breach of fiduciary duty.[41] However, because Plaintiffs' fiduciary claim arises only in connection with the denial of benefits and does not allege a violation of a duty as described in § 1101 et seq., the statutory time limitations found therein do not apply to Plaintiffs' claim.[42]

---

[36] Docket No. 1 ¶ 40.

[37] *Id.* ¶ 42.

[38] *Id.* ¶ 46.

[39] *Id.* at 14.

[40] *Id.* ¶ 55.

[41] 29 U.S.C. § 1113.

[42] *Wright v. Sw. Bell Tel. Co.,* 925 F.2d 1288, 1290 (10th Cir. 1991) (holding that § 1113 only applies to actions arising out of violations of §§ 1101–12 regarding financial solvency or accountability and not denial of benefits); *see also Shaw v. McFarland Clinic, P.C.,* 231 F. Supp. 2d 924, 936 (S.D. Iowa 2002), *aff'd* 363 F.3d (8th Cir. 2004) ("[The] limitation in § 1113 applies

Based on the foregoing, the Court finds that Plaintiffs' claim is time barred, and Defendant's Motion to Dismiss is granted.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 11) is GRANTED.

DATED this 16th day of May, 2024.

BY THE COURT:

Ted Stewart
United States District Judge

---

to claims of breach of fiduciary duty as described in §1101 et seq.," and not for 1132(a) claims for denial of benefits.).